UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ADIDAS AG; ADIDAS AMERICA, INC.;**
**REEBOK INTERNATIONAL LTD.; and**
**REEBOK INTERNATIONAL LIMITED,**

    **Plaintiffs,**

v.   Case No. 6:10-cv-550-Orl-35DAB

**ABDESSAMAD TABIT, a/k/a SAMAD TABIT,**
**a/k/a SAM TABIT, a/k/a SAMMMY TABIT,**
**individually and d/b/a SPORTS WORLD and**
**UNITED WORLD INC.; and UNITED ISLAND**
**INC., individually and d/b/a SPORTS**
**WORLD and UNITED WORLD INC.,**

    **Defendants.**
_____/

**TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE, AND ORDER OF SEIZURE AND IMPOUNDMENT**

**THIS CAUSE** comes before the Court for consideration of Plaintiffs' Motion for an *Ex Parte* Temporary Restraining Order and Seizure Order. (Dkt. 2)  Upon consideration of Plaintiffs' Verified Complaint (Dkt. 1); the Declarations of Jeni B. Zuercher (Dkt. 7), Karen Songdahl (Dkt. 4), and David K. Friedland (Dkt. 5), and supporting Memoranda submitted with these pleadings and the provisions of 15 U.S.C. §§ 1114, 1116, and 1117, and Fed. R. Civ. P. 65(b) and (f), the Court **ORDERS as follows**:

**I. FINDINGS AND CONCLUSIONS**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2.   Plaintiffs are the owners of the federally-registered Three-Stripe trademark (the "Three-Stripe Mark") and the federally Registered REEBOK word mark (the "REEBOK Mark"), as evidenced by the trademark registrations attached to the Plaintiff's Verified Complaint which are incorporated herein, and that these copyrights and trademarks are *prima facie* valid.

3.   Plaintiffs have submitted Declarations attesting to their exclusive rights to the trademarks indexed on Exhibits "2-12" to the Verified Complaint, further showing that Defendants have never been authorized to reproduce these trademarks in connection with the importation, sale, offer for sale, display and distribution of counterfeit athletic shoes, sports apparel, and related merchandise.

4.   Plaintiffs have submitted Declarations showing that the Defendants are reproducing Plaintiffs' trademarks in connection with the importation, manufacture, offer for sale, sale, display, and distribution of counterfeit sports apparel and related merchandise.

5.   Plaintiffs are likely to prevail on their claims of trademark infringement, trademark dilution, counterfeiting, and unfair competition.

6.   The entry of any Order other than a seizure and impounding Order without notice will be inadequate to protect the rights of Plaintiffs.

7.   Plaintiffs have not publicized their proposed seizure order.

8.   Plaintiffs are suffering immediate, irreparable injury as a result of Defendants' sale of counterfeit merchandise bearing unauthorized copies or imitations of Plaintiffs' Three-Stripe Mark and REEBOK mark.  Plaintiffs will continue to suffer irreparable injury should a Temporary Restraining Order not be issued.

9. It is impracticable to give notice to Defendants prior to the issuance if this Temporary Restraining Order because of the likelihood that Defendants or other persons acting at the direction of, or in concert with Defendants, may destroy, move, hide, or otherwise make inaccessible to the Court, the counterfeit and infringing merchandise and business records relating to such merchandise, thus frustrating the power of this Court to fairly and fully resolve this matter and provide ultimate relief to Plaintiffs.

10. The irreparable harm that Plaintiffs will suffer if temporary, *ex parte* relief is not granted outweighs any potential harm that would result to Defendants as a consequence of granting such relief.

11. The public's interest in seeing that the laws of the United States and the State of Florida are adequately enforced, as well as the public interest in preventing consumer confusion, and in having a fair and full trial on the merits in this case, will be served by granting the requested relief.

12. The matters subject to the seizure shall be at the location identified more specifically below and include a location place where Defendants conduct business. Plaintiffs have identified with reasonable certainty the location at which Defendants are holding, distributing, offering for sale, and selling the counterfeit and infringing merchandise bearing unauthorized copies or imitations of Plaintiffs' Three-Stripe Mark and REEBOK mark and have adequately described the merchandise and business records to be seized from each location.

## II. SHOW CAUSE ORDER FOR PRELIMINARY INJUNCTION

It is hereby **ORDERED** that Defendants, and any person acting in concert with them

who is served with a copy of this Order, shall **show cause**, unless any of the Defendants waives his, her or its right to do so, in the United States District Court for the Middle District of Florida, Orlando Division, before Judge Mary S. Scriven, at the United States Courthouse, located at 401 West Central Boulevard, Orlando, Florida, in Courtroom 5B, on April 27, 2010 at 12:00 pm, or as soon thereafter as the parties or their attorneys can be heard by the Court, why an Order should not be issued granting Plaintiffs a Preliminary Injunction pursuant to FED. R. CIV. P. 65 as follows:

    1. Enjoining and restraining Defendants, their officers, agents, servants, and any persons, firms, or corporations acting in concert with them, or on their behalf, from advertising, importing, exporting, distributing, manufacturing, sale, offering for sale, shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of apparel or other merchandise bearing Plaintiffs' Three-Stripe Mark, REEBOK mark, or any reproduction, counterfeit, copy or colorable imitation of either of these marks; and,

    2. Impounding, during the pendency of this action, all merchandise, business records and other materials seized pursuant to the provisions of this Order.

It is further **ORDERED** that pending the hearing on Plaintiffs' Application for Preliminary Injunction, but in no event for a period in excess of fourteen (14) days from the effective date of this Order, Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or in participation with them, or having

knowledge of this Order by personal service or otherwise, be, and they are, hereby temporarily restrained from:

1. Committing any of the acts set forth in paragraph 1 of the preceding section; and

2. Moving, destroying, or otherwise disposing of any goods, labels, printing and/or embroidering devices, or documents relating to or using Plaintiffs' Three-Stripe Mark or REEBOK mark; and

3. Removing, destroying, or otherwise disposing of any printing and/or embroidery devices, business records or documents relating in any way to the manufacture, importation, exportation, acquisition, purchase, distribution, or sale of any merchandise bearing Plaintiffs' Three-Stripe Mark or REEBOK mark or any reproduction, colorable imitation or copy thereof.

It is further **ORDERED** that the United States Marshal, or one or more of his deputies, or if the United States Marshal or other such deputies are unavailable, other local law enforcement officers, together with counselor or the investigator for Plaintiffs and/or persons under their supervision, shall search, seize, and impound at 4951 International Drive, Orlando, Florida 32819 (and at any other location identified as a warehouse, office or other business or storage premises of Defendants during the course of the seizure and impoundment) on or before April 19, 2010, the following items:

1. All apparel and other merchandise bearing Plaintiffs' Three-Stripe Mark or REEBOK mark; and

2. All plates, patterns, matrices, or other apparatus utilized in making

counterfeit or infringing merchandise, and all other means of making any counterfeits, reproductions, copies or colorable imitations of Plaintiffs' Three-Stripe Mark or REEBOK mark; and

3. All books and records, in any medium, including computer disks, that pertain or relate to or may lead to information concerning the importation, exportation, manufacture, distribution, marketing, sale, offer for sale or location of the items described in paragraphs 1 and 2, immediately above, whether or not such items are currently in any Defendant's possession.

It is further **ORDERED** that the United States Marshal or other law enforcement officer, along with Plaintiffs' investigator accomplishing such impoundment and seizure, shall employ whatever reasonable force is necessary to enter and search the above-described premises owned, leased or controlled by Defendants, and to inspect the contents of any vehicles, closets, cabinets, boxes, containers, cases, desks or documents located on the identified premises.

It is further **ORDERED** that the search, impoundment and sequestration ordered herein may be photographed and/or videotaped for the purpose of authenticating or obtaining evidence, and to prevent any controversy regarding the activities and events occurring during the course of said search, impoundment and/or sequestration.

It is further **ORDERED** that all things seized and impounded shall be appropriately tagged to permit identification, that Defendants shall be given a receipt therefore, and all things seized shall be impounded in the custody and control of the U.S. Marshal, or in the custody of Plaintiffs, if the Marshal so desires, and shall be made available to any party or

its counsel, during normal business hours upon reasonable notice, for inventory or inspection.

It is further **ORDERED** that Plaintiffs' counsel shall file with the Court within five (5) business days of the seizure and impoundment, an affidavit stating: (1) the date on which the goods and other materials were seized, (2) the location where the goods and other materials are stored, and (3) a list providing a general description of the items seized.

It is further **ORDERED** that all books and records that are seized and impounded shall be copied at Plaintiffs' expense and returned to Defendants within ten (10) business days of the date this seizure and impoundment Order is executed.

It is further **ORDERED** that Plaintiffs are permitted to publicize the seizure of the infringing merchandise through all media, inclusive of print and television news reports.

It is further **ORDERED** that personal service of the Summons and Verified Complaint and of this Temporary Restraining Order, together with copies of the papers in support thereof, may be made by the U.S. Marshal or other law enforcement or Plaintiffs' attorneys or by its duly qualified agents or employees on Defendants or his agents or employees operating out of the above location and that such service shall be deemed sufficient service.

It is further **ORDERED** that all applicable costs and fees associated with the above action are to be borne by Plaintiffs as directed by the U.S. Marshall's office.

The parties are hereby **ORDERED** to file any memoranda in support of their positions and any affidavits they wish to be considered during the April 27, 2010, Hearing by no later than **5:00 pm on Wednesday, April 21, 2010.**

### III.  BOND ORDER

It is hereby **ORDERED** that this Temporary Restraining and Seizure Order are conditioned upon Plaintiff filing with the Clerk of this Court, within five (5) business days of entry of this Order, or before the execution of this permitted seizure, whichever occurs first, an undertaking in the form of bond or certified check from Plaintiffs in the amount of $1,000.00 to secure payment of any costs or damages, not to exceed twice the sum as may be suffered or sustained by any party who is wrongfully restrained thereby.

This Temporary Restraining Order has been granted *ex parte* because it is the sole method of preserving the current state of affairs, and further, is the sole means whereby the Court can provide effective final relief.  If notice were required, such notice might well render fruitless further prosecution of this action.  Specifically, merchandise may disappear, be secreted, or surreptitiously transferred to some other entity for subsequent sale, or information relating to the source and amounts of such merchandise might disappear. In sum, giving Defendants notice of the application for an injunction could result in an inability to provide any relief at all.  This is contrary to the normal and intended role of "Notice" within the meaning of Fed. R. Civ. P. 65(b).

**DONE** and **ORDERED** in Orlando, Florida, this 14th day of April 2010.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Clerk to Provide five (5)
Certified Copies of this Order to Plaintiffs' Counsel.